IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:10cv205
[Criminal Case No. 1:07cr56]

| | |
|---|---|
| REGINALD DEWAYNE JEFFRIES, )<br>)<br>     Petitioner, )<br>)<br>  v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>     Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on the following:

1. The Petitioner's Motion for Permission to Exceed the Page Limit [Doc. 3];

2. The Petitioner's Motion for Leave to Conduct Discovery [Doc. 6];

3. The Petitioner's Application to Proceed without Prepayment of Fees and Affidavit [Doc. 7];

4. The Petitioner's Motion for Appointment of Counsel [Doc. 8]; and

5. The Petitioner's Motion pursuant to Rules Governing Section 2255, Rule 5(d) [Doc. 11].

1

The Petitioner's memorandum of law in support of his motion is forty-three pages in length. He also has attached one hundred and fifteen pages of exhibits to the motion. Although the Court will allow the motion to exceed the page limit, the Petitioner is cautioned against exceeding the limit in the future.

The Petitioner moves for leave to conduct discovery from the United States and his trial attorney. [Doc. 6.] "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997). Thus, discovery is granted only for "good cause." Rule 6(a), Rules Governing § 2255 Proceedings for the United States District Courts. A petitioner must make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief. The burden is on the petitioner to demonstrate the materiality of the information sought. Stanford v. Parker, 266 F.3d 442, 460 (6th Cir. 2001), *certiorari denied* 537 U.S. 831, 123 S.Ct. 136, 154 L.Ed.2d 47 (2002). However, "Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.'" Williams v. Bagley, 380 F.3d 932, 974 (6th Cir. 2004), *certiorari denied* 544 U.S. 1003,

125 S.Ct. 1939, 161 L.Ed.2d 779 (2005) (citations omitted).

Having reviewed the Petitioner's discovery requests and the record of the criminal case, the Court concludes that, at this time, the Petitioner has not carried his burden and discovery is not warranted. As a result, the Petitioner's request for subpoenas [Doc. 10] will not be acted upon by the Clerk of Court.

The Petitioner has moved for leave to proceed without the prepayment of fees. There is no filing fee in connection with a motion pursuant to 28 U.S.C. §2255 and no discovery is warranted at this point. The Petitioner's motion is therefore denied.

The Petitioner also requests that counsel be appointed to assist him with this case. [Doc. 8.] "Though there is no constitutional right to counsel in §2255 proceedings, 'there is a statutory right to appointed counsel in a section 2255 proceeding under Rule 8 ... if an evidentiary hearing is required.'" United States v. Phillips, 134 F.3d 365 **1 (4th Cir. 1998), *certiorari denied* 523 U.S. 1066, 118 S.Ct. 1400, 140 L.Ed.2d 658 (1998), *quoting* United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993); Rule 8, Rules Governing § 2255 Proceedings for the United States District Courts. Because at this time a hearing is unnecessary, the request for counsel is denied.

Finally, the Petitioner requests that he be given forty days to respond to

any response filed by Respondent. [Doc. 11.] Upon receiving the Respondent's response to the Petitioner's motion, this Court will provide Petitioner an opportunity to respond. A motion seeking this opportunity is unnecessary and is denied as moot.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Petitioner's Motion for Permission to Exceed the Page Limit [Doc. 3] is **GRANTED**;

2. The Petitioner's Motion for Leave to Conduct Discovery [Doc. 6] is **DENIED**;

3. The Petitioner's Application to Proceed without Prepayment of Fees and Affidavit [Doc. 7] is **DENIED** as moot;

4. The Petitioner's Motion for Appointment of Counsel [Doc. 8] is **DENIED**; and

5. The Petitioner's Motion Pursuant to Rules Governing Section 2255, Rule 5(d) [Doc. 11] is **DENIED** as moot.

Signed: October 22, 2010

Martin Reidinger
United States District Judge