# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

Civil Case No. 1:10cv205
[Criminal Case No. 1:07cr56]

| | |
|---|---|
| REGGIE DEWAYNE JEFFRIES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| _____ \_\_) | |

**THIS MATTER** is before the Court on the Petitioner's "Motion to Supplement Memorandum to Section 2255 Motion" [Doc. 19], which this Court construes as a motion to amend; the Government's response [Doc. 22]; and the Petitioner's "Motion to Amend Supplemented Memorandum to Section 2255 Motion" [Doc. No. 24], which includes an affidavit from Sarina Lynch.

On September 6, 2007, the Petitioner was convicted by a jury of possession with intent to distribute at least 25 grams of cocaine, in violation of 21 U.S.C. § 841 and possession of a firearm by a convicted felon, in violation of 21 U.S.C. § 922(g)(1). [Criminal Case 1:07cr56, Doc. 23]. On December 29, 2008, the United States Fourth Circuit Court of Appeals issued an unpublished opinion affirming the Petitioner's conviction and sentence.

United States v. Jeffries, 304 Fed.Appx. 229 (4th Cir. 2008), *certiorari denied* 130 S.Ct. 133, 175 L.Ed.2d 87 (2009). The Fourth Circuit held that (1) evidence of the public housing ban against the Petitioner was relevant to explain why the police approached him at the public housing complex and why he ran; (2) evidence of the Petitioner's prior involvement in the sale of crack cocaine was relevant to prove his knowledge and intent to distribute cocaine; (3) evidence regarding the Petitioner's prior arrest was relevant to prove his intent, opportunity, and lack of mistake; (4) the Petitioner was not prejudiced by the admission of evidence of his prior arrest; and (5) the evidence was sufficient to support the Petitioner's conviction for possession with intent to distribute cocaine. Id.

On September 17, 2010, the Petitioner filed a Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255 in which he alleges various instances of ineffective assistance of counsel in connection with the introduction of 404(b) evidence, trial strategy, the Petitioner's mental health and sentencing issues. On January 3, 2011, the Petitioner filed the instant motion to amend in which he seeks to add a claim that his counsel was ineffective for failing to go to the neighborhood where the crime took place and interview witnesses. In support of this claim, the Petitioner filed an affidavit from Sarina Lynch, a witness to the Petitioner's arrest, in which she

states that she saw the police chasing the Petitioner; that a gun fell from the Petitioner's body during the chase; that the Petitioner fell to the ground and the police began beating him; that the Petitioner never acted to threaten the lives of the arresting officers; that she did not see the Petitioner with illegal drugs or selling drugs; that the police discovered a controlled substance on the ground; that hundreds of people were outside on the day of the Petitioner's arrest; that the area is well known to law enforcement as a drug environment; that it is common that cocaine is left outside in this neighborhood; and that an overwhelming number of arrests of people in the complex are those who are drug addicts or homeless people, not necessarily drug dealers. [Doc. 24]. The Petitioner argues that if his counsel had investigated and located witnesses who could testify that he was not in the area selling drugs, such testimony would have negated the intent to distribute element of the charged offense and would have mitigated the damage from the Rule 404(b) evidence.

Federal Rule of Civil Procedure 15 governs the procedure for amending habeas petitions. Rule 15 allows a petitioner to amend his pleading once as a matter of course within 21 days or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). However, a cause of action barred by an applicable statute of limitations is futile and therefore an

amendment based on such a cause of action can be denied. Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). When proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading in certain circumstances. United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Under Rule 15(c)(1)(B) an amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction or occurrence set out - or attempted to be set out - in the original pleading." Fed.R.Civ.P. 15(c)(1)(B). As the Supreme Court made clear in Mayle v. Felix, 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005), in the context of a habeas motion, "conduct, transaction, or occurrence" does not mean the same "trial, conviction, or sentence," such that any claim that relates to the prior conviction or sentence challenged in a habeas motion is considered timely, no matter how long after the original motion it is filed. Id., at 644. Rather, a proposed amendment relates back to the date of the original motion if it "state[s] claims that are tied to a common core of operative facts. Id. With respect to claims of ineffective assistance of counsel, a new claim of ineffective assistance of counsel does not relate back to an earlier asserted claim of ineffective assistance of counsel if the "new claim asserts 'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" United States

4

v. Gonzalez, 592 F.3d 675, 680 (5th Cir. 2009), *certiorari denied* 131 S.Ct. 231, 178 L.Ed.2d 153 (2010), *quoting* Mayle, 545 U.S. at 650).

Applying this law to the Petitioner's case, it is clear that the Petitioner's claim is time-barred. The Fourth Circuit affirmed the Petitioner's Judgment of conviction and sentence on December 29, 2008. Jeffries, 304 Fed. Appx. 229. The Petitioner's petition for writ of *certiorari* in the Supreme Court was denied on October 5, 2009. Jeffries v. United States, 130 S.Ct. 133, 175 L.Ed.2d 87 (2009). His judgment therefore became final on that date. United States v. Segars, 271 F.3d 181, 186 (4th Cir. 2001), *certiorari denied* 535 U.S. 943, 122 S.Ct. 1331, 152 L.Ed.2d 237 (2002). Pursuant to the terms of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), the Petitioner had up to and including October 5, 2010, in which to bring all of his collateral challenges to his convictions and/or sentence. 28 U.S.C. § 2255(f)(1). The Petitioner filed his Motion to Vacate on September 17, 2010, within the AEDPA one year limitation period. The instant motion to amend, however, was filed on January 3, 2011, well beyond the one-year period had passed.

Where a petitioner relies on new facts supporting a claim for relief, §2255(f)(4) provides that the one-year period runs from "the date on which the facts supporting the claim or claims could have been discovered through the

5

exercise of due diligence." 28 U.S.C. § 2255(f)(4). The Petitioner alleges that convoluted channels of communication from Asheville prevented him from developing the factual basis for this new claim for relief, *i.e.*, the new witness. The Petitioner, however, does not explain why "the close associate" who has now helped him identify and contact this putative witness, could not have done so within one year after the Supreme Court denied his petition, which was over two and a half years after the incident for which he was convicted. The Petitioner has not shown that, through the exercise of due diligence, he could not have discovered the facts supporting his claim sooner. This is particularly true when, as alleged in his motion to amend, there were "hundreds of people" in the vicinity on the day the incident occurred. The Petitioner's motion is barred by the one-year limitations period set forth in 2255(f)(1) and the Petitioner has not established that he could not have discovered the facts supporting his claim, through the exercise of due diligence, sooner pursuant to 2255(f)(4).

The Petitioner's amendment is barred by the statute of limitation and is therefore futile unless it relates back to a claim raised in the original motion. The Petitioner's new claim is that his counsel was ineffective for failing to visit the area of the crime to interview prospective witnesses for the defense. The Petitioner's original motion includes only ineffective assistance of counsel

6

claims related to counsel's handling of prior bad acts testimony, the Petitioner's mental health history and potential arguments in favor of a variance to his sentence. Therefore, the ineffective assistance of counsel claim contained in the Motion to Amend does not relate back to the ineffective assistance of counsel claims in the Motion to Vacate in that it is new and different from those claims included in his Motion to Vacate and is supported by facts that "differ in both time and type" from those set forth in his Motion to Vacate. Stated another way, the proposed amended claim regarding ineffective assistance of counsel is completely different from the Petitioner's initial claims in his Motion to Vacate, and therefore does not relate back to the original Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that the Petitioner's "Motion to Supplement Memorandum to Section 2255 Motion" [Doc. 19], construed as a motion to amend and the Petitioner's "Motion to Amend Supplemented Memorandum to Section 2255 Motion [Doc. 24] are hereby **DENIED**.

Signed: January 24, 2011

Martin Reidinger
United States District Judge

7