# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:10cv205

[Criminal Case No. 1:07cr56]

| | |
|---|---|
| REGGIE DEWAYNE JEFFRIES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Petitioner's Motion for Reconsideration pursuant to Fed.R.Civ.P. 60(b)(1) & (6); Fed.R.Civ.P. Rule 6(e); LCVR 7.1(E); and 5th Amend. U.S. Const., Due Process of Law [Doc. 27].

On September 6, 2007, the Petitioner was convicted by a jury of possession with intent to distribute at least 25 grams of cocaine and possession of a firearm by a convicted felon, in violation of 21 U.S.C. §841 and 18 U.S.C. §922(g)(1). [Criminal Case No. 1:07cr56, at Doc. 23]. On December 29, 2008, the United States Fourth Circuit Court of Appeals issued an unpublished opinion affirming the Petitioner's conviction and sentence.

1

United States v. Jeffries, 304 Fed.Appx. 229 (4th Cir. 2008), *certiorari denied* 130 S.Ct. 133, 175 L.E.2d 87 (2009). In affirming the Petitioner's conviction, the Fourth Circuit made the following holdings: (1) evidence of the public housing ban against the Petitioner was relevant to explain why the police approached him at the public housing complex at issue and why he ran; (2) evidence of the Petitioner's prior involvement in the sale of crack cocaine was relevant to prove his knowledge and intent to distribute cocaine; (3) evidence regarding the Petitioner's prior arrest was relevant to prove his intent, opportunity, and lack of mistake; (4) the Petitioner was not prejudiced by the admission of evidence of his prior arrest; and (5) the evidence at trial was sufficient to support the Petitioner's conviction for possession with intent to distribute cocaine. Id.

On September 17, 2010, the Petitioner filed this Motion pursuant to 28 U.S.C. §2255 alleging various instances of ineffective assistance of counsel in connection with the introduction of Rule 404(b) evidence, trial strategy, the Petitioner's mental health and sentencing issues. [Doc. 1]. On January 3, 2011, the Petitioner filed a Motion to Amend in which he sought to add a claim that his counsel was ineffective for failing to go to the neighborhood where the crime took place and interview witnesses. In support of that claim, the

Petitioner filed an affidavit dated January 1, 2011, from Sarina Lynch, a witness to Petitioner's arrest, in which she states: (1) she saw the police chasing the Petitioner; (2) a gun fell from the Petitioner's body during the chase; (3) the Petitioner fell to the ground and the police began beating him; (4) the Petitioner did not act in any manner to threaten the lives of the arresting officers; (5) she did not see the Petitioner with illegal drugs or selling drugs; (6) the police discovered a controlled substance on the ground; (7) hundreds of people were outside on the day of the Petitioner's arrest; (8) the area is well known to law enforcement as a drug environment; (9) it is common in that area for cocaine to be left outside; and (10) the overwhelming number of arrests of people in the complex related to drug addicts or homeless people, not necessarily drug dealers. [Doc. 24]. The Petitioner argued that if his counsel had investigated and located a witness who could testify that he was not in the area selling drugs, that testimony would have negated the intent to distribute element of the charged offense. It also would have mitigated the damage from the Rule 404(b) evidence.[1] On January 24, 2011, the Court denied the Petitioner's Motion to Amend concluding that

---

[1] The affidavit from the Petitioner's witness does not include a statement that the Petitioner was <u>not in the area selling drugs</u>. The witness stated only in her affidavit that she did not see the Petitioner with drugs or selling drugs.

3

this claim is barred by the one-year statute of limitations set forth in 28 U.S.C. §2255(f)(1). [Doc. 25]. The Court also noted that this claim does not relate back to any claim in the Motion to Vacate and the Petitioner did not establish that he could not have sooner discovered the facts supporting his claim through the exercise of due diligence. [Doc. 25].

In this motion, the Petitioner argues that this Court violated its own rules by denying his Motion to Amend before he had the opportunity to reply to the Government's response to his motion. Rule 5 of the Rules Governing Section 2255 Proceedings provides that "[t]he moving party may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." Rule 12 provides that the Federal Rules of Civil Procedure apply to §2255 cases only to the extent that they are not inconsistent with the Rules Governing §2255 Proceedings. Because Rule 5 addresses when an Answer or Reply is permitted in §2255 cases, the Federal Rules of Civil Procedure do not apply. Therefore, although a court may set a date for a reply pursuant to Rule 5, it is not required to do so.

In any event, the Court has received and considered the Petitioner's Reply to the Government's Response. [Doc. 28]. The contents of that reply brief do not alter the Court's analysis. As stated in the Court's January 24,

4

2011 Order, the Petitioner's new claim, which is based on new facts only recently discovered, may only be brought within one-year from "the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). As noted in the Court's previous Order, the Petitioner alleges that convoluted channels of communication from Asheville prevented him from developing the factual basis for this new claim for relief, *i.e.*, the new witness. The Petitioner, however, does not explain why "the close associate" who has now helped him identify and contact this putative witness, could not have done so sooner. The Petitioner has not shown that, through the exercise of due diligence, he could not have sooner discovered the facts supporting his claim whether through "the close associate" or another witness. This is particularly true when, as alleged in his motion to amend, there were "hundreds of people" in the vicinity on the day the incident occurred. The Petitioner has not established that he could not have sooner discovered the facts supporting his claim, through the exercise of due diligence.

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion for Reconsideration pursuant to Fed.R.Civ.P. 60(b)(1) & (6); Fed.R.Civ.P. Rule 6(e); LCVR 7.1(E); and 5th Amend. U.S. Const., Due Process of Law [Doc. No. 27] is hereby **DENIED**.

Signed: February 14, 2011

Martin Reidinger
United States District Judge