# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv205
## [Criminal Case No. 1:07cr56]

| | |
|---|---|
| **REGGIE DEWAYNE JEFFRIES,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| **Respondent.** ) | |
| _____ \_\_) | |

**THIS MATTER** is before the Court on the following:

1. The Government's Motion to Dismiss [Doc. 37];

2. The Petitioner's Motion for Certificate of Appealability [Doc. 39];

3. The Petitioner's Motion to Direct Entry of Final Judgment pursuant to Rule 54(b), R.Civ.P. & Rule 58 [Doc. 40];

4. The Petitioner's Motion in Opposition to Respondent's Motion to Dismiss [Doc. 41];

5. The Petitioner's Motion for Partial Summary Judgment [Doc. 44]; and

6. The Petitioner's Motion for Leave of Court to Amend Title 28 U.S.C. §2255 Motion [Doc. 48].

The Petitioner seeks leave to amend his §2255 motion to include a claim that he was erroneously sentenced pursuant to 21 U.S.C. §851 as a recidivist. [Doc. 48]. Both parties acknowledge that the Petitioner's claim is time barred and therefore futile unless it relates back to a claim raised in the Petitioner's original Motion to Vacate. The Petitioner contends that his amended claim relates back to "ground six" raised in his original Motion to Vacate.[1] [Doc. 1 at 11, Doc. 1-1 at 39-43].

Federal Rule of Civil Procedure 15 governs the procedure for amending habeas petitions. When a claim in a proposed amendment would be otherwise barred by the statute of limitations, Rule 15(c) provides for the relation back of amendment to the original pleading in certain circumstances. United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). An amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction or occurrence set out - or attempted to be set out - in the original pleading." Fed.R.Civ.P. 15(c)(1)(B). As the Supreme Court made clear in Mayle v. Felix, 545 U.S. 644, 125 S. Ct. 2562, 162 L.Ed.2d 582 (2005), a proposed amendment relates back to the date of the original motion if it

---

[1] The claim to which the Petitioner makes reference is identified in his Petition as his fifth ground. [Doc. 1 at 11]. In his Memorandum in support of his original Petition, however, he denominates this as his sixth ground. [Doc. 1-1 at 39-43]. In his Motion to Amend [Doc. 48] Petitioner refers to this as his "sixth ground."

2

"state[s] claims that are tied to a common core of operative facts. Id.

The Government concedes that the proposed claim should be allowed because it pertains to the same facts asserted by Petitioner regarding another claim raised in his Motion to Vacate. The Government noted that while the claim raised in the original Motion to Vacate is based on the sentencing enhancement pertaining to career offenders and the claim Petitioner now seeks to add pertains to the increased statutory minimum under 21 U.S.C. § 851, they both pertain to the question of whether Petitioner's prior state conviction was for a crime that was punishable by imprisonment in excess of one year. As such both claims relate to the same core of operative facts and same legal principles apply. Based thereon the Government consents to the Motion. Therefore, the Petitioner's Motion to Amend will be granted.

The granting of the motion to amend has rendered moot most of the pending motions. In light of that amendment the Petitioner's motion for the entry of final judgment [Doc. 40], his motion opposing the Respondent's Motion to Dismiss [Doc. 41] (which is actually a misnamed response to the Government's motion), and his motion for summary judgment [Doc. 44] are premature. For that reason they will be denied without prejudice to refiling at the appropriate time. The Court will also deny the Government's Motion to Dismiss [Doc. 37] without prejudice to refiling a motion to dismiss and/or a

motion for summary judgment which considers all of the Petitioner's claims.

In January 2011, this Court denied the Petitioner's motion for leave to amend the §2255 motion to add a time-barred claim. [Doc. 25]. He filed a Notice of Appeal from that Order. [Doc. 26]. In March 2011, the Petitioner moved this Court to issue a certificate of appealability allowing him to appeal that same Order. [Doc. 39]. On July 6, 2011, the United States Court of Appeals for the Fourth Circuit dismissed his pending appeal as interlocutory. [Doc. 47]. That ruling disposes of the Petitioner's request for a certificate of appealability. Since the Fourth Circuit has found the Order from which the Petitioner seeks leave to appeal to be a non-final, interlocutory order, it would be futile to issue any such certificate.

Finally, the Court notes that the Petitioner has been a prolific and frequently frivolous filer. As a result, the Court will not allow the filing of additional pleadings except as noted below. 28 U.S.C. §1651.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Petitioner's Motion for Leave of Court to Amend Title 28 U.S.C. §2255 Motion [Doc. 48] is hereby **GRANTED**;

2. The Government's Motion to Dismiss [Doc. 37] is hereby **DENIED** without prejudice;

2. The Petitioner's Motion for Certificate of Appealability [Doc. 39] is

4

hereby **DENIED**;

3. The Petitioner's Motion to Direct Entry of Final Judgment pursuant to Rule 54(b), R.Civ.P. & Rule 58 [Doc. 40] is hereby **DENIED**;

4. The Petitioner's Motion in Opposition to Respondent's Motion to Dismiss [Doc. 41] is hereby **DENIED**;

5. The Petitioner's Motion for Partial Summary Judgment [Doc. 44] is hereby **DENIED** as premature.

**IT IS FURTHER ORDERED** that the Government may file response to the Petitioner's most recent filings, the Motion to Compel Disclosure of Names of Law Enforcement Officers, et. al. [Doc. 53] and the Motion to Supplement Ground Two of Petitioner's Section 2255 Motion, et. al. [Doc. 54], on or before twenty (20) days from entry of this Order.

**IT IS FURTHER ORDERED** that the Government may file response and/or a dispositive motion addressing all of the Petitioner's remaining claims on or before forty-five (45) days of the date of this Order.

**IT IS FURTHER ORDERED** that the Petitioner may not make further filings except that he may respond to any further motions filed by the Respondent within the time allotted by law, he may re-file a motion for summary judgment at the appropriate time, and he may make such other filings for which he has been granted advanced permission by the Court by

further order.

Signed: October 19, 2011

Martin Reidinger
United States District Judge