THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:10cv205
[Criminal Case No. 1:07cr56]

| | |
|---|---|
| REGINALD DEWAYNE JEFFRIES, )<br>　　　　Petitioner, )<br>　　vs. )<br>　)<br>UNITED STATES OF AMERICA, )<br>　)<br>　　　　Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the following motions filed by the Petitioner:

1. Motion for Reconsideration [Doc. 13] re Order on Motion for Miscellaneous Relief;

2. *Ex Parte* Motion [Doc. 14];

3. Sealed Motion [Doc. 15];

4. Motion to Withdraw Motion for Reconsideration, *Ex Parte* Motion, and Sealed Motion [Doc. 63];

5. *Ex Parte* Motion [Doc. 46];

6. Motion to Compel Disclosure of Names of Law Enforcement Officers [Doc. 53];

7. Motion to Supplement Ground Two of Petitioner's Section 2255 Motion [Doc. 54];

8. Motion to Amend Section 2255 Motion to Vacate, Set-Aside, or Correct an Illegal Sentence pursuant to Fed.R.Civ.P. 15(a) [Doc. 59]; and

9. Motion for Extension of Time to Reply to Any Future Response by the Government [Doc. 60].

## DISCUSSION

The Court first considers the Petitioner's Motion to Withdraw certain previously filed motions: the Motion for Reconsideration [Doc. 13], an *Ex Parte* Motion [Doc. 14], and Sealed Motion [Doc. 15]. The Court will grant the Petitioner's Motion to Withdraw each of these motions.

In the Petitioner's next motion, which has been filed as an *ex parte* motion [Doc. 46], he asks the Court to allow him to supplement pleadings from his previous "*Ex Parte* Motion" [Doc. 14]. Because the Court is granting Petitioner's Motion to Withdraw that previously filed motion, [Doc. 14], this motion [Doc. 46], will be denied as moot.

The Petitioner filed a Motion to Compel Disclosure of Names of Law Enforcement Officers/Supervising Officers/Undercover Officers in Terry Lee Landrum Case [Doc. 53]. In support of the motion to compel, the Petitioner notes that in his criminal trial, the trial court allowed, pursuant to Rule 404(b)

of the Federal Rules of Evidence, government witness Joseph Sorrells to testify as to evidence of prior bad acts by the Petitioner. In his Section 2555 motion, the Petitioner contends that the 404(b) testimony violated his "constitutional right to Due Process of Law and Right to Counsel for the defense pursuant to the 5th, 6th, and 14th Amendments." [Doc. 53 at 3].

The Petitioner further notes that a recent Asheville Police Department audit revealed missing evidence from the police department's evidence room. The Petitioner claims that the police department revealed the results of a partial audit it had conducted only after the District Attorney's office was preparing to prosecute a case against Terry Lee Landrum and it was discovered that valuable amounts of oxycodone pills were missing from the evidence room. The Petitioner suggests that Joseph Sorrells may have had possible involvement in the missing evidence, and he therefore seeks an order from the Court compelling the City of Asheville to disclose the names of the police officers involved in Landrum's arrest. The Petitioner states that this Court

> should compel disclosure of the names of the law enforcement officers with the Asheville Police Department in order to restore the integrity of the judicial proceedings and to help determine the magnitude of constitutional error in Petitioner's conviction which was gained after-all [sic] with the help of City and State cooperation with the United States Attorney.

[Doc. 53 at 6].

The Petitioner has not offered anything more than pure speculation to show that Joseph Sorrells had any possible involvement in evidence missing from the police department evidence room. Nor has the Petitioner shown that the 404(b) evidence of prior bad acts introduced at his trial was false or untrue or that Sorrells lied about the prior bad acts. Furthermore, as the Respondent notes in its brief in opposition to the Petitioner's motion, on direct review the Fourth Circuit specifically held that any admission of Rule 404(b) evidence at the Petitioner's trial did not prejudice him because of the overwhelming evidence otherwise supporting the jury's verdict. United States v. Jeffries, 2008 WL 5396497, at *2 (4th Cir. 2008). The Court therefore denies the Petitioner's motion.

The Petitioner also moves to supplement ground two, paragraph 1 of his Section 2255 motion by including a copy of his prior felony record. [Doc. 54]. This motion will be granted.

Next, the Petitioner seeks to amend the Section 2255 motion based on what he describes as newly discovered evidence. [Doc. 59]. That is, he seeks to attach affidavits by certain witnesses who attest that the Petitioner was not selling drugs at the time of his arrest. The Court notes that in an Order dated October 19, 2011, the Court specifically ordered that, in light of Petitioner's prolific and frivolous filings, he "may not make further filings

except that he may respond to any further motions filed by the Respondent within the time allotted by law, he may re-file a motion for summary judgment at the appropriate time, and he may make such other filings for which he has been granted advanced permission by the Court by further order." [Doc. 55 at 5]. Notwithstanding the Court's Order of October 19, 2011, the Petitioner filed this Motion to Amend without first seeking permission from the Court. The Court will, therefore, deny the motion.

Finally, also in violation of the Court's Order of October 19, 2011, the Petitioner filed a Motion for Extension of Time to Reply to any Future Response Made by the Government [Doc. 60]. The Court will deny the motion. The Petitioner may file a motion for extension of time in response to a filing by the government when such motion is needed, but the Court will not issue a blanket order granting a motion for extension of time with regard to any future motions.

**IT IS THEREFORE ORDERED** that:

1. The Petitioner's Motion to Withdraw [Doc. 63] Motion for Reconsideration [Doc. 13], *Ex Parte* Motion [Doc. 14], and Sealed Motion [Doc. 15] is hereby **GRANTED**. The Clerk is directed to terminate the following motions as withdrawn by Petitioner: [Docs. 13, 14, and 15].

2. The Petitioner's *Ex Parte* Motion [Doc. 46] is hereby **DENIED** as moot.

3. The Petitioner's Motion to Compel Disclosure of Names of Law Enforcement Officers [Doc. 53] is **DENIED**.

4. The Petitioner's Motion to Supplement Ground Two of Petitioner's Section 2255 Motion [Doc. 54] is **GRANTED**.

5. The Petitioner's Motion to Amend Section 2255 Motion to Vacate, Set-Aside, or Correct an Illegal Sentence pursuant to Fed.R.Civ.P. 15(a) [Doc. 59] is hereby **DENIED**; and

6. The Petitioner's Motion for Extension of Time to Reply to Any Future Response by the Government [Doc. 60] is hereby **DENIED**.

Signed: February 6, 2012

Martin Reidinger
United States District Judge